WATFORD, Circuit Judge,
dissenting:
Metropolitan produced evidence that its employees who conducted the due diligence on the loan contracts it purchased did not actually know of PBCC’s security interest in those contracts. In response, the majority notes that Metropolitan failed to produce its due diligence file, and that one employee admitted having a brief conversation with a Galaxy employee about PBCC as a creditor. But the only information PBCC claims Metropolitan had access to during the due diligence review was legally insufficient to confer the required actual knowledge. Even if Metropolitan employees had seen the UCC filings in which PBCC asserted a blanket security interest in all of Galaxy’s chattel paper, that would not have sufficed to impart actual knowledge as to any specific chattel paper. See U.C.C. § 9-308, Official Comment 3 (“Mere knowledge of an Article 9 filing against chattel paper does not give knowledge of the existence of a security interest in the chattel paper.”); see also 9 Ronald A. Anderson & Lary Lawrence, Anderson on the Uniform Commercial Code § 9-308:7 (3d ed.1999) (“Even knowledge that another party has filed a financing statement covering chattel paper is not sufficient to defeat the purchaser’s priority.”).
In my view, the PBCC Pledge Agreements Metropolitan received on October 1, 1999 do not change the analysis because for the most part they also describe only a general security interest in chattel paper. (The few loan contracts that were specifically identified are not at issue in this case.) Nor do I think Metropolitan’s failure to update its admission that it obtained actual knowledge “at some point in time” is of any consequence, because PBCC never moved in the district court to require a further response or to have the matter deemed admitted. Thus, I would hold that Metropolitan satisfied its burden of proving that it lacked the requisite actual knowledge.